UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-00030-SEB-TAB-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JONATHAN LERCH | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cr-00030-SEB-TAB |
| ) | |
| JONATHAN LERCH, ) -01 | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Jonathan Lerch seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Lerch's motions are **denied**.

## I. Background

In 2018, Mr. Lerch pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Dkts. 51, 52. According to the presentence investigation report, when law enforcement officials attempted to pull over the vehicle that Mr. Lerch was operating, he proceeded to lead them on a high-speed chase which lasted around ten minutes, covered roughly nine miles and reached speeds of up to 80 mph. Dkt. 48. When Mr. Lerch finally came to a stop, a search of the vehicle revealed a small clear plastic baggie containing 0.5682 grams of methamphetamine, a small baggie containing a brown substance believed to be heroin, a marijuana cigarette, a small amount of raw marijuana, and a Jennings 9mm handgun with 11 live rounds in the magazine and one live round in the chamber.

The Court sentenced Mr. Lerch to 60 months of imprisonment and 3 years of supervised release. Dkt. 52. According to the Bureau of Prisons ("BOP") website, Mr. Lerch's anticipated

release date (with good-conduct time included) is January 31, 2023. *See* https://www.bop.gov/inmateloc/ (last visited June 28, 2022).

Mr. Lerch initially filed his motion for compassionate release pro se. Dkt. 65. In that motion, Mr. Lerch argues that he establishes extraordinary and compelling reasons for compassionate release because (1) his medical conditions (being overweight, asthma, neuropathy in his hand, and anxiety) place him at risk of severe illness if he were to contract COVID-19; (2) post-sentencing caselaw and statutory changes suggest that he would not be convicted and/or receive the same sentence if prosecuted today; and (3) he cannot receive adequate palliative care for his neuropathy in BOP custody. Dkt. 65. The Court appointed counsel for Mr. Lerch, but counsel withdrew before filing any substantive submissions on his behalf. Dkts. 70, 71. The Court ordered Mr. Lerch to supplement his motion using the Court's motion form, and he did. Dkt. 73. In his new motion, Mr. Lerch does not mention any of the grounds contained in his first motion and only argues that he establishes extraordinary and compelling reasons warranting release because the mother of his children is in liver failure and unable to financially provide for them.[1] Dkt. 73. The United States filed an opposition brief, dkt. 76, and Mr. Lerch did not file a reply. Thus, the motion is now ripe.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a

---

[1] The Court considers the possible extraordinary and compelling reasons raised in his initial motion to be abandoned and therefore denies them as such. Even if not abandoned, the Court does not find those to be extraordinary and compelling reasons warranting release, as discussed below.

reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

      Mr. Lerch's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is unavailing, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Lerch is fully vaccinated, and he has presented no evidence that he is unable to receive or benefit from the vaccine. *See id.* Additionally, Mr. Lerch "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Mr. Lerch cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. Lerch's argument that he would likely not be convicted or would receive a lower sentence if he were prosecuted today due to changes as to how his statute of conviction is interpreted, is also unavailing. Non-retroactive changes in sentencing law are not extraordinary and compelling reasons for compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."); *United States v. Herbert*, No. 21-3321, 2022 WL 1791964, at *2 (7th Cir. June 2, 2022) (non-retroactive changes to the guidelines are not grounds for compassionate release); *United States v. Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (stating that "[t]he appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255") (internal citation omitted).

Mr. Lerch's argument that he is unable to receive proper palliative care for his hand neuropathy is also not an extraordinary and compelling reason to release him. He does not allege that his neuropathy is debilitating, or that he is otherwise unable to engage in self-care. In fact, he intends to get two jobs to support his family if he is released. Such allegations might form the basis for relief in a civil suit filed in Mr. Lerch's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle") (cleaned up).

The Court also does not find the desire to help provide financially for his ex-wife and children to be an extraordinary and compelling reasons for release. Mr. Lerch states that his ex-wife is suffering from liver failure and the money she gets from social security is insufficient to take care of her and his children. Mr. Lerch states that she and the children are not in a "stable home" because she is unable to pay the rent and utilities on her own. At the outset, Mr. Lerch does not provide any evidence regarding his ex-wife's medical condition or financial situation. Moreover, he does not argue that she is unable to care for the children, rather just that Mr. Lerch is needed to provide extra income to improve their housing. Finally, Mr. Lerch does not state that there are no other available caregivers for his children and in fact identifies other friends and family members who can help him with his medical needs if he is released. Dkt. 73 at 7. Accordingly, the Court does not find that Mr. Lerch's desire to help financially support his children is an extraordinary and compelling reason for compassionate release.

Given the determination that Mr. Lerch has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Lerch is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[2] In his favor, Mr. Lerch represents that he has completed ten continuing education courses while in the

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

BOP, has mostly remained without discipline and is due to be released to a halfway house in July 2022. Dkt. 65 at 2. He will have the support of family and friends if released and plans to get two jobs to help his children. Weighing against him, Mr. Lerch's crime was serious and included a ten-minute high-speed chase with police, endangering the lives of the innocent people around him. Dkt. 48 at 5. Mr. Lerch's criminal history is lengthy and includes multiple domestic battery felonies, one of which involved Mr. Lerch, unprovoked, punching his then-girlfriend in the face with a closed fist, pulling her hair and dragging her around. Dkt. 48 at 11. Mr. Lerch also has multiple violations of probation for his state convictions and committed the instant offense while he was on probation supervision for one of his robbery convictions. Dkt. 48 at 13. Finally, since late 2019, Mr. Lerch has accrued eight disciplinary infractions in the BOP, including one from June 2021 for assaulting another inmate. Dkt. 76-3.

In light of these considerations, the Court finds that releasing Mr. Lerch now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Lerch's motions for compassionate release, dkts. [65] and [73], are **denied.**

    **IT IS SO ORDERED.**

Date: 7/7/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan Lerch
Reg. No. 16310-028
USP Big Sandy
U.S. Penitentiary
P.O. Box 2068
Inez, KY  41224

All Electronically Registered Counsel